■ SONNENBLICK-GOLDMAN CORP., Respondent, v KRAUS ENTERPRISES, INC., Appellant, et al., Defendant.—Order of the Supreme Court, New York County (Carol E. Huff, J.), entered on October 25, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment on its first cause of action, unanimously modified, on the law, to the extent of denying plaintiff's motion for summary judgment, without prejudice to renewal of the motion upon completion of the deposition of Crossland Savings Bank, and otherwise affirmed, with costs.

On September 8, 1987, plaintiff and defendant Kraus Enterprises, Inc. entered into a contract whereby plaintiff was constituted an exclusive broker to obtain financing for defendant in connection with the proposed development of a property in Forest Hills. On February 19, 1988, defendant termi-

nated the contract in accordance with its terms, and requested that plaintiff "furnish us with the proposed lenders or investors with whom you are now negotiating on our behalf." Pursuant to the terms of the letter agreement dated September 8, 1987, defendant was entitled to cancel the agreement on seven days' notice, but plaintiff would be entitled to a commission if defendant accepted a commitment from any of the lenders with whom plaintiff was negotiating at the time of termination of the contract.

Plaintiff furnished the list, which included Crossland Savings Bank, and defendant accepted a commitment from Crossland within six months after termination. We disagree with the Motion Court's conclusion that Crossland's inclusion on the list conclusively establishes that plaintiff was negotiating with Crossland at the time the contract was terminated.

This record presents a factual question whether plaintiff was negotiating with Crossland at the time the contract was terminated. It is undisputed that plaintiff did negotiate with Crossland, but defendants contend that negotiations broke off five months prior to termination of the contract when Crossland rejected the loan. Defendant Herman Kraus testified in his deposition that in October 1987 he instructed Mr. Stern, an officer of plaintiff, not to pursue Crossland after they rejected the loan, because defendant wanted to deal with Crossland himself at a later date. According to Kraus, Stern agreed at that time.

When this motion was noticed, the deposition of Crossland had also been noticed, but had not yet been held. Completion of that deposition will enable the Motion Court to determine more fairly whether a factual issue exists as to whether plaintiff was still in negotiation with Crossland at the time of the termination of the contract. The Motion Court should have either denied the motion or granted a continuance to permit the deposition of Crossland. (CPLR 3212 [f].) Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.